# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PAUL MOBLEY COX, an individual; STOP-N-GO, an unknown business entity; DAVID SHIRLEY, an individual; SHELL OIL COMPANY, a Delaware Corporation; and DOES 1-10, inclusive, | ) Case No. _____ ) ) COMPLAINT ) ) [JURY TRIAL DEMANDED] ) |
| Defendants. | ) ) ) ) ) |

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**Plaintiff Luxottica Group S.p.A.** for its claims against **Defendants Paul Mobley Cox, Stop-N-Go, David Shirley,** and **Shell Oil Company** (collectively, "Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for trademark infringement, trademark dilution, and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of Alabama. This Court has subject matter jurisdiction over the Federal trademark infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise from the same set of facts as Plaintiff's Lanham Act claims.

3. This Court has personal jurisdiction over Defendants because Defendants conduct business in this judicial district.

4. This action arises out of wrongful acts by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Luxottica Group S.p.A. ("Luxottica") is a corporation duly organized under the laws of Italy with its principal place of business in Milan, Italy and an office located at 4000 Luxottica Place, Mason, Ohio 45040-8114. Luxottica is, in part, engaged in the business of producing, manufacturing and distributing throughout the world, including within this judicial district, high quality and stylistic luxury eyewear products under federally-registered trademarks, including but not limited to Ray-Ban marks, and other trademarks.

6. Upon information and belief, Defendant Paul Mobley Cox is an individual residing and/or doing business in this judicial district.

7. Upon information and belief, Defendant David Shirley is an individual residing and/or doing business in this judicial district.

8. Upon information and belief, Defendant Stop-N-Go is an unknown business entity with its office and principle place of business located at 630 Martin Luther King Jr. Express, Andalusia, Alabama 36420.

9. Upon information and belief, Defendant Shell Oil Company is a Delaware corporation with a headquarters located at 910 Louisiana St Houston, Texas 77002 and an office located at 1316 Bessemer Road, Birmingham, Alabama 35208.

10. Luxottica is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Luxottica will seek leave to amend this complaint when their true names and capacities are ascertained.

Luxottica is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

11. Luxottica is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Luxottica further alleges that Defendants had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.   Luxottica's World Famous RAY-BAN® Brand and its Products

12. Luxottica is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica's proprietary brands include Ray-Ban®, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

13. Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

14. Ray-Ban® products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores throughout the United States. Ray-Ban® products also reach customers nationally and internationally online at www.ray-ban.com.

15. Luxottica is the owner of various trademarks under the Ray-Ban® brand, including but not limited to the following United States Trademark Registrations (collectively "Ray-Ban Marks"):

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* (signature) | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
| | 1,093,658 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| | 1,726,955 | bags; namely, tote, duffle and all-purpose sports bags, in class 18.<br><br>cloths for cleaning ophthalmic products, in class 21.<br><br>clothing and headgear; namely, hats, in class 25. |
| RAY-BAN | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18.<br><br>clothing for men and women, namely, polo shirts; headgear, namely, berets and caps. |

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

| | | |
|---|---|---|
| (Ray-Ban circular logo) | 1,320,460 | sunglasses and carrying cases there for, in class 9. |
| (Ray-Ban red rectangular logo) | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

16.  Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Marks. As a result, products bearing the Ray-Ban Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality eyewear products sourced from Luxottica. The Ray-Ban Marks qualify as "famous marks" as defined in 15 U.S.C. §1125(c)(1).

17.  Luxottica has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks. These registrations are valid and the majority are incontestable.

18.  The Ray-Ban Marks have never been abandoned and are a symbol of Luxottica's quality, reputation, and goodwill.

19.  Accordingly, the Ray-Ban Marks have achieved secondary meaning as an identifier of high quality eyewear.

**B.   Defendants' Infringing Activities**

20.  The present action arises from the importation, manufacture, production, distribution, advertisement, marketing, offering for sale and/or sale of products bearing counterfeit reproductions of the Ray-Ban Marks ("Counterfeit Products") by Defendants.

21.  On or about October 16, 2015, Counterfeit Products were sold, and several more were observed as being offered for sale, at the businesses of Defendants David Shirley, located at 625 Montgomery Highway in the city of Vestavia, Alabama, Stop-N-

Go, located at 630 Martin Luther King Jr. Expressway in the city of Andalusia, Alabama, and a Shell Oil gas station, located at 1316 Bessemer Road in the city of Birmingham, Alabama.

22. Upon information and belief, Luxottica hereon avers and alleges that the Counterfeit Products offered for sale/sold by Defendants originate from a common source.

23. Upon information and belief, Luxottica hereon avers and alleges that Defendant Cox supplied the Counterfeit Products to Defendants Shirley, Stop-N-Go, and Shell Oil Company.

24. In or around September 2015, Luxottica was notified by United States Customs and Border Protection that Defendant Cox had in fact attempted to import Counterfeit Products into the United States.

25. Defendants have never been authorized by Luxottica to manufacture, sell or offer for sale products bearing any of their respective trademarks. Moreover, Defendants have never been licensees of Luxottica and have never been licensed in any manner to import, sell, distribute, or manufacture any merchandise bearing the Ray-Ban Marks.

26. Upon information and belief, at all times relevant hereto, Defendants have had full knowledge of Luxottica's ownership of the Ray-Ban Marks, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

27. Upon information and belief, Defendants have engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Luxottica's rights for the purpose of trading off the goodwill and reputations of Luxottica. If Defendant's willful infringing activities are not preliminarily and permanently enjoined by this Court, Luxottica and the consuming public will be damaged.

28. Defendants' above-identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Luxottica's genuine goods and Defendants' Counterfeit Products.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement - 15 U.S.C. § 1114)**

29. Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

30. The Ray-Ban Marks are both nationally and internationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and coming from Luxottica.

31. The registrations embodying the Ray-Ban Marks are in full force and effect and Luxottica has authorized responsible manufacturers and vendors to sell merchandise with these marks.

32. Defendants' infringing and improper actions, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Defendants' goods or services and falsely mislead consumers into believing that Defendants' products originate from Luxottica; are affiliated or connected with Luxottica; or are licensed, sponsored, authorized, approved by, or sanctioned by Luxottica; or that Luxottica controls the quality of Defendants' products.

33. Defendants' infringing and improper actions, as set forth above, are likely to at least initially confuse consumers into purchasing Defendants' eyewear and allowing Defendants to misappropriate Luxottica's goodwill.

34. Defendants' infringing use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights to control its trademarks.

35. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Luxottica has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Luxottica.

36. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Luxottica and reap the benefit of Luxottica's goodwill associated with the Ray-Ban Marks.

37. As a direct and proximate result of Defendants' willful and infringing conduct, Luxottica has been injured and will continue to suffer injury to its business and reputation unless Defendants' are restrained by this Court from infringing Luxottica's trademarks.

38. Luxottica has no adequate remedy at law.

39. In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Luxottica has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition – 15 U.S.C. §1125(a))**

40. Luxottica incorporates herein by reference the averments of the preceding

paragraphs as though fully set forth herein.

41. Defendants' infringing and improper actions, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Luxottica's goods and services or Defendants' goods and services and falsely mislead consumers into believing that Defendants' eyewear originates from Luxottica; is affiliated or connected with Luxottica; or is licensed, sponsored, authorized, approved by, or sanctioned by Luxottica; or that Luxottica controls the quality of Defendants' products.

42. Defendants' use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights to said marks.

43. Luxottica has been irreparably damaged by Defendants' unfair competition and misuse of the Ray-Ban Marks.

44. Luxottica has no adequate remedy at law.

45. Defendants' egregious conduct in using the Ray-Ban Marks to promote eyewear that they know does not in fact originate or is associated/affiliated with the RAY-BAN® brand is willful and intentional and was intended to capitalize on the goodwill Luxottica established in said marks.

46. In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any trademarks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

### THIRD CLAIM FOR RELIEF

**(Federal Trademark Dilution – 15 U.S.C. § 1125(c))**

47. Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

48. Luxottica is the exclusive owner of the Ray-Ban Marks.

49. The Ray-Ban Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act.

50. The Ray-Ban Marks are all inherently distinctive marks that have been in use for many years and play a prominent role in Luxottica's marketing, advertising, and the popularity of its products.

51. The Ray-Ban Marks were famous long before Defendants began using unauthorized reproductions, copies, and/or colorable imitations of the Ray-Ban Marks in connection with the sale, promotion, and advertisement of their products.

52. Consumers are likely to purchase Defendants' eyewear under the erroneous belief that Defendants and/or their products are affiliated, connected or associated with Luxottica or that Luxottica is the source of Defendants' products.

53. Defendants' acts described above have diluted and continue to dilute Luxottica's unique and distinctive Ray-Ban Marks. Defendants' infringing use of the Ray-Ban Marks in connection with their knock-off and generic eyewear is also likely to tarnish said marks and cause blurring in the minds of consumers between Luxottica and Defendants, thereby lessening the value of the Ray-Ban Marks as unique identifiers of Luxottica's RAY-BAN® brand.

54. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Luxottica, causing damage to Luxottica in an amount to be determined at trial, as well as irreparable injury to Luxottica's goodwill and reputation associated with the value of the Ray-Ban Marks.

55. Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Luxottica's reputation and to dilute the Ray-Ban Marks. Defendants' conduct is willful, wanton and egregious.

56. Defendants' acts have caused and will continue to cause irreparable injury to Luxottica. Luxottica has no adequate remedy at law to compensate it fully for the

damages that have been caused and which will continue to be caused by Defendants' infringing acts, unless they are enjoined by this Court.

57. In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF
### (Trademark Infringement under Alabama Common Law)

58. Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

59. Luxottica owns and enjoys common law trademark rights in the Ray-Ban marks in the state of Alabama and throughout the United States.

60. Defendants' unauthorized use of the Ray-Ban Marks has caused and is likely to cause confusion as to the source of the Defendants' Counterfeit Products, to the detriment of Luxottica.

61. Defendants' acts are willful, deliberate, and intended to confuse the public and/or to injure Luxottica.

62. Defendants' acts constitute unfair competition, palming off, and/or misappropriation in violation of California common law, for which Luxottica is entitled to recover any and all remedies provided by such common law.

63. Luxottica has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' aforementioned infringing activities, unless Defendants are permanently enjoined by this Court.

64. The conduct herein complained of was, and continues to be, extreme, outrageous, and fraudulent, and was, and continues to be, inflicted on Luxottica in reckless disregard of Luxottica's common law trademark rights in the Ray-Ban Marks.

Said conduct was and continues to be harmful to Luxottica, and as such supports an award by this Court of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter Defendants from similar conduct in the future.

65. Luxottica has no adequate remedy at law.

66. In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or marks identical and/or confusingly similar thereto, for any reason, to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain as a result of Defendants' infringing acts alleged herein, to recover all gains, profits and/or advantages obtained by Defendants as a result thereof, in an amount not yet known, and to recover from Defendants the costs associated with this action.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition under Alabama Common Law)

67. Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

68. Defendants' infringement of the Ray-Ban Marks constitutes unfair competition in violation of the common law of the state of Alabama.

69. Defendants are competitors of Luxottica and have utilized the Ray-Ban Marks in connection with the promotion, advertisement, and marketing of their products in an effort to exploit Luxottica's reputation in the market.

70. Defendants' infringing acts were intended to capitalize on Luxottica's goodwill associated therewith for Defendants' own pecuniary gain.  Luxottica has expended substantial time, resources and effort to obtain an excellent reputation for its RAY-BAN® brand.  As a result of Luxottica's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Luxottica.

71. Defendants' acts are willful, deliberate, and intended to confuse the public

and to injure Luxottica.

72.     Luxottica has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless they are enjoined by this Court.

73.     The conduct herein complained of was extreme, outrageous, and was inflicted on Luxottica in reckless disregard of Luxottica's rights.  Said conduct was in bad faith and harmful to Luxottica and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar such conduct in the future.

74.     In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from infringing the Ray-Ban Marks and to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Luxottica respectfully prays for judgment against Defendants on all claims, as follows:

1.      For entry of an ORDER granting permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a)     using the Ray-Ban Marks in connection with the manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, and/or selling of Defendants' products, including but not limited to the display of said trademarks at Defendants' stores and/or website to promote, advertise, and/or offer for sale products that are not authorized, approved, and/or originate from Luxottica;

(b)     engaging in any other activity constituting unfair competition with Luxottica, or acts and practices that deceive consumers, the public, and/or trade,

including without limitation, the use of designations and design elements associated with Luxottica;

   (c) engaging in any other activity that will dilute the distinctiveness of the Ray-Ban Marks;

   (d) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Luxottica;

  2. For entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts;

  3. For entry of an ORDER directing Defendants to file with this Court and serve on Luxottica within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

  4. For an assessment of the damages suffered by Luxottica, trebled, and an award of all profits that Defendants have derived from using the Ray-Ban Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Luxottica be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

  5. For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

  6. For an award of punitive damages in connection with its claims under Alabama;

/ / /

/ / /

/ / /

7. Such other relief as may be just and proper.

Dated:  December 23, 2015         Respectfully Submitted,

            s/ Nathan C. VanDerVeer_____
            Nathan C. VanDerVeer (VAN048)
            ASB No.: 7704-A63V
            *Attorney for Plaintiff*
            **FARRIS, RILEY & PITT, L.L.P.**
            505 20th Street North, Suite 1700
            Birmingham, AL  35203
            (205) 324-1212 phone
            (205) 324-1255 fax
            Email: nate@frplegal.com

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Luxottica Group, S.p.A hereby demands a trial by jury of all claims in this litigation.

Dated:  December 23, 2015

            s/ Nathan C. VanDerVeer_____
            Nathan C. VanDerVeer (VAN048)
            ASB No.: 7704-A63V
            *Attorney for Plaintiff*
            **FARRIS, RILEY & PITT, L.L.P.**
            505 20th Street North, Suite 1700
            Birmingham, AL  35203
            (205) 324-1212 phone
            (205) 324-1255 fax
            Email: nate@frplegal.com

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**