# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| LUXOTTICA GROUP S.p.A, ) | |
| ) | |
|     Plaintiff, ) | CIVIL ACTION NO: |
| ) | |
| vs. ) | 2:15-CV-02326 - RDP |
| ) | |
| PAUL MOBLEY COX; STOP-N-GO; ) | |
| DAVID SHIRLEY, SHELL OIL ) | |
| COMPANY, ) | |
| ) | |
|     Defendants. ) | |

## ANSWER

Comes now the Defendant, David Shirley, and in response to the Complaint filed against him, states as follows:

    1.    This Defendant states that paragraph 1 of the Plaintiffs' Complaint requires no response from this Defendant.

    2.    This Defendant states that paragraph 2 of the Plaintiffs' Complaint requires no response from this Defendant.

    3.    Admitted.

    4.    This Defendant states that paragraph 4 of the Plaintiffs' Complaint requires no response from this Defendant.  To the extent that a response is required, the allegations contained in paragraph 4 of the Plaintiffs' Complaint are denied.

    5.    This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 5 of the Plaintiffs' Complaint; therefore, they are denied.

6. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 6 of the Plaintiffs' Complaint; therefore, they are denied.

7. Admitted.

8. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 8 of the Plaintiffs' Complaint, therefore they are denied.

9. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Plaintiffs' Complaint; therefore, they are denied.

10. This Defendant states that paragraph 10 of the Plaintiffs' Complaint requires no response from this Defendant.

11. Denied.

12. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of the Plaintiffs' Complaint; therefore, they are denied.

13. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 13 of the Plaintiffs' Complaint; therefore, they are denied.

14. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 14 of the Plaintiffs' Complaint; therefore, they are denied.

15. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 15 of the Plaintiffs' Complaint; therefore, they are denied.

16. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 16 of the Plaintiffs' Complaint; therefore, they are denied.

17. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 17 of the Plaintiffs' Complaint; therefore, they are denied.

18. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 18 of the Plaintiffs' Complaint; therefore, they are denied.

19. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 19 of the Plaintiffs' Complaint; therefore, they are denied.

20. To the extent that a response is required from this Defendant to admit or deny the allegations in paragraph 20 of the Plaintiffs' Complaint are denied.

21. Denied.

22. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 22 of the Plaintiffs' Complaint; therefore, they are denied.

23. Denied.

24. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 24 of the Plaintiffs' Complaint; therefore, they are denied.

25. Admitted.

26. Denied.

27. Denied.

28. Denied.

29. This Defendant incorporates by reference the responses to the preceding paragraphs as if fully set forth herein.

30.  This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 30 of the Plaintiffs' Complaint; therefore, they are denied.

31.  This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 31 of the Plaintiffs' Complaint; therefore, they are denied.

32.  Denied.

33.  Denied.

34.  Denied.

35.  Denied.

36.  Denied.

37.  Denied.

38.  Denied.

39.  Denied.

40.  This Defendant incorporates by reference the responses to the preceding paragraphs as if fully set forth herein.

41.  Denied.

42.  Denied.

43.  Denied.

44.  Denied.

45.  Denied.

46.  Denied.

47. This Defendant incorporates by reference the responses to the preceding paragraphs as if fully set forth herein.

48. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 48 of the Plaintiffs' Complaint; therefore, they are denied.

49. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 49 of the Plaintiffs' Complaint; therefore, they are denied.

50. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 50 of the Plaintiffs' Complaint; therefore, they are denied.

51. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 51 of the Plaintiffs' Complaint; therefore, they are denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. This Defendant incorporates by reference the responses to the preceding paragraphs as if fully set forth herein.

59. This Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 59 of the Plaintiffs' Complaint; therefore, they are denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. This Defendant incorporates by reference the responses to the preceding paragraphs as if fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## **AFFIRMATIVE DEFENSES**

Having answered the allegations contained in the Plaintiff's Complaint, this Defendant asserts the following Affirmative Defenses:

## **FIRST AFFIRMATIVE DEFENSE**

In order to preserve the affirmative defense, this Defendant asserts the affirmative defense of lack of subject matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

In order to preserve the affirmative defense, this Defendant asserts the affirmative defense of lack of personal jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

In order to preserve the affirmative defense, this Defendant asserts the affirmative defense of improper venue.

## FOURTH AFFIRMATIVE DEFENSE

In order to preserve the affirmative defense, this Defendant asserts the affirmative defense of insufficient process.

## FIFTH AFFIRMATIVE DEFENSE

In order to preserve the affirmative defense, this Defendant asserts the affirmative defense of insufficient service of process.

## SIXTH AFFIRMATIVE DEFENSE

In order to preserve the affirmative defense, this Defendant asserts the affirmative defense of failure to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

In order to preserve the affirmative defense, this Defendant asserts the affirmative defense of failure to join a party under Rule 19.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant states that at all times he acted in good faith.

### NINTH AFFIRMATIVE DEFENSE

This Defendant states that the products at issue in this litigation are not counterfeit.

### TENTH AFFIRMATIVE DEFENSE

This Defendant states that the Plaintiff is not entitled to the relief sought.

### ELEVENTH AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defense of fair use.

### TWELFTH AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defenses of laches, estoppel, and unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defense of collateral use.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant states that the registration or the incontestable right to use the mark was obtained fraudulently.

### FIFTEENTH AFFIRMATIVE DEFENSE

This Defendant states that the mark has been abandoned by the registrant.

### SIXTEENTH AFFIRMATIVE DEFENSE

This Defendant states that the registered mark is being used by or with the permission of the registrant or a person in privity with the registrant so as to

misrepresent the source of the goods or services or on in connection with which the mark is used.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This Defendant states that the mark has been or is being used to violate the anti-trust laws of the United States.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This Defendant states that the mark is functional.

## NINTEENTH AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defenses contained in 15 U.S.C. § 1115(b).

## TWENTIETH AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defenses contained in 15 U.S.C. § 1065.

          Respectfully Submitted,
          Massey, Stotser & Nichols, PC

          **/s/Richard A. Bearden**
          Richard A. Bearden (ASB-0873-E41R)
          *rbearden@msnattorneys.com*

Of Counsel:
**Massey, Stotser & Nichols, PC**
1780 Gadsden Highway
Birmingham, Alabama 35235
(205) 838-9000
(205) 838-9071 fax

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| LUXOTTICA GROUP S.P.A, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO: |
| | ) | |
| vs. | ) | 2:15-CV-02326 - RDP |
| | ) | |
| PAUL MOBLEY COX; STOP-N-GO; DAVID SHIRLEY, SHELL OIL COMPANY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2016, I have served the foregoing document via the Court's CM/ECF and/or by placing a copy of the same in the United States Mail, first class postage affixed and properly addressed to:

Nathan C. VanDerVeer
FARRIS, RILEY & PITT, L.L.P.
505 20th Street North, Suite 1700
Birmingham, AL  35203
(205) 324-1212
nate@frplegal.com

/s/Richard A. Bearden
Of Counsel